AO 91 (Rev. 11/11) Criminal Complaint   (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
9/3/20

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | | U.S. DISTRICT COURT |
| RONALD HOWE, JR. | ) | Case No.  3:20MJ414 | SOUTHERN DIST. OHIO WEST. DIV. DAYTON |
| | ) | | |
| *Defendant(s)* | ) | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   September 1, 2020   in the county of   Montgomery   in the
  Southern   District of   Ohio  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) and 924(a)(2) | Possession of a firearm after having been previously convicted of a felony offense |

This criminal complaint is based on these facts:

See attached affidavit of ATF Task Force Officer Matthew Heiser

☑ Continued on the attached sheet.

*Complainant's signature*

Matthew Heiser, Task Force Officer, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
  FaceTime   *(specify reliable electronic means).*

Date:   09/03/2020

City and state:   Dayton, OH        Sharon L. Ovington, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, ATF Task Force Officer Matthew Heiser ("Affiant"), being duly sworn, depose and state the following:

1. I have been employed the city of Dayton Police Department for 19 years. I have been sworn as a task force officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since May 2020. I am currently assigned to a Violent Offender Crime Task Force that investigates criminal organizations in the Southern Judicial District of Ohio. I have been involved in numerous investigations of Federal firearms and narcotic violations. These investigations have resulted in the arrest and conviction of criminal defendants.

2. I make this affidavit in support of a criminal complaint and arrest warrant for **Ronald L. Howe Jr. ("HOWE")**, for a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

3. 18 U.S.C. §§ 922(g)(1) and 924(a)(2) prohibit any person who has previously been convicted of a felony offense—*i.e.*, an offense punishable by imprisonment for a term exceeding one year—from possessing any firearm or ammunition in and affecting interstate commerce

4. I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews and reports by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

5. On or about September 1, 2020 at approximately 2254 hours, Dayton Police Officers Michael Conrads and Austin Palmer patrolled the area of 300 South Jersey Street in the city of Dayton, county of Montgomery, state of Ohio due to increased gun violence and narcotic sales. This area lies in the Southern District of Ohio.

6. Upon arrival, Officer Michael Conrads approached two individuals who were operating bicycles on South Jersey Street. Both bikes were missing rear red illuminating lights as well as white illuminating lights. At this time, Officer Conrads and Officer Palmer initiated a stop.

7. As officers approached, they observed a male, later identified as HOWE on his bicycle. Officers gathered HOWE's information and ran him through LEADS. Officer Conrads discovered that HOWE had a warrant for his arrest. Officer Conrads exited his cruiser, approached HOWE, removed him from his bicycle, and placed HOWE into handcuffs. Officer

1

Conrads asked HOWE if he had anything on his person that Officers needed to be aware. HOWE stated that he had a pistol in his front waistband.

8. Officer Conrads retrieved the firearm and discovered it to be a Remington .380 caliber pistol, and then escorted HOWE to his marked Dayton Police cruiser. At this time, HOWE was patted down and it was discovered that HOWE had a cigarette carton in his front left shorts pocket. Inside the carton, a balled up plastic bag was located. The Officer identified this substance, due to his experience and training, as Methamphetamine.

9. The firearm is further described as a Remington, .380 caliber pistol bearing number RMO43305C. The handgun was loaded with 5 live rounds. Your affiant contacted S/A Chris Reed, an ATF Interstate Nexus agent, who confirmed the above firearm was made outside of the state of Ohio.

10. Your affiant conducted a criminal record check related to HOWE. The records check revealed that HOWE was convicted on or about May 28, 2009 in the Common Pleas Court of Montgomery County, Ohio, in Case Number 2009CR00295, of "Aggravated Robbery," and sentenced to five years imprisonment. As such, this crime was a felony offense punishable by greater than one year imprisonment.

11. Based on the aforementioned facts, I respectfully submit that there is probable cause to believe that on or about September 1, 2020, in the Southern District of Ohio, HOWE possessed a firearm after having been previously convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

**Further affiant sayeth naught.**

Matthew S. Heiser
Task Force Officer, ATF
Cincinnati, Ohio

Subscribed and sworn to before me on this 3rd day of September 2020.

Sharon L. Ovington
United States Magistrate Judge